```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
IN THE MATTER OF THE ARBITRATION          :
                                          :
               between                    :
                                          :
RICHARD ABONDOLO, as Chairman of the      :
Board of Trustees of UFCW LOCAL 174       :    07 Civ. 696 (DLC)
COMMERCIAL HEALTH CARE FUND, and          :
RICHARD ABONDOLO, as Chairman of the      :         MEMORANDUM
Board of Trustees of UFCW LOCAL 174       :      OPINION & ORDER
COMMERCIAL PENSION FUND,                  :
                          Petitioners,    :
                                          :
               -against-                  :
                                          :
SUNSHINE FRESH, INC. a/k/a SUNSHINE       :
FRESH INC.,                               :
                          Respondent.     :
                                          :
------------------------------------------X
```

DENISE COTE, District Judge:

Petitioners Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Health Care Fund ("Health Fund"), and as Chairman of the Board of Trustees of UFCW Local 174 Commercial Pension Fund ("Pension Fund"), have filed this petition for confirmation of seven arbitration awards. Respondent Sunshine Fresh, Inc. ("Sunshine") has not opposed the petition or otherwise appeared in this action. For the following reasons, the petition is granted.

Background

The Health Fund and the Pension Fund are both employee welfare benefit plans under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq. UFCW Local 174 and respondent Sunshine are parties to a written collective bargaining agreement ("CBA"), which obligates Sunshine to make certain monthly contributions to the Health Fund and the Pension Fund. Under the CBA, if Sunshine fails to make contributions in a timely manner, the Health Fund and the Pension Fund are entitled to recover from Sunshine the outstanding contributions plus "all costs and expenses incurred by the initiating party in arbitration and/or court, . . . and in the enforcement of any award of judgment." The CBA further provides that disputes regarding defaulting contributions are to be resolved by arbitration.

From March 2006 through August 2006 and October 2006 through November 2006, Sunshine failed to make some or all of their contributions to the Health Fund and the Pension Fund as required under the CBA. Seven arbitration proceedings were held between May 25, 2006 and January 25, 2007. Notice was duly given for each, but Sunshine failed to appear for any of them. In each proceeding, the Arbitrator William Clarke found that Sunshine had been delinquent in payment, and altogether directed Sunshine to pay $126,021.76, which included the delinquent

amounts, interest, liquidated damages, attorney's fees, and arbitration fees. The Health Fund and Pension Fund have demanded that Sunshine comply with the awards, but Sunshine has failed to pay.

On January 29, 2007, petitioners filed this petition to confirm the arbitration awards, and also requested costs and legal fees in bringing this action. Pursuant to a March 14 scheduling order, on March 30 petitioners supported their petition for confirmation with appropriate materials. Sunshine did not file any opposition, and in fact, has not appeared in this action.

## Discussion

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P. The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings.  Rule 56(e), Fed. R. Civ. P.; accord Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).  A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and

expensive litigation.  <u>Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.</u>, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"The showing required to avoid summary confirmation of an arbitration award is high," <u>id.</u>, and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  <u>D.H. Blair & Co.</u>, 462 F.3d at 110 (citations omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact. Respondent has not submitted any opposition.  Therefore, the petition to confirm the seven arbitration awards is granted.

Petitioners also seek attorney's fees for the confirmation proceeding, but do not point to any statutory or contractual authority for such legal fees.

> Pursuant to its inherent equitable powers, however, a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or

>for oppressive reasons.  As applied to suits for the
>confirmation and enforcement of arbitration awards, .
>. . when a challenger refuses to abide by an
>arbitrator's decision without justification,
>attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985).  "A party's failure to pay an arbitration award immediately, however, does not necessarily constitute bad faith."  In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Co., 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005) (citation omitted).  There has been no showing that the respondents have opposed the confirmation without justification; in fact, respondents have not opposed the confirmation at all.  See, e.g., N.Y.C. Dist. Council of Carpenters Pension Fund v. Carpenters & Movers, Inc., No. 06 Civ. 4031 (LAK), 2006 WL 2709768, at *1 (S.D.N.Y. Sept. 20, 2006).  Therefore, the request for attorney's fees for the confirmation proceeding is denied.

Lastly, petitioners also seek an award of pre-judgment interest from the date of the awards at 9%, which is the statutory rate under New York law.  N.Y. C.P.L.R. § 5004. "Whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts," and it has been awarded in proceedings to confirm arbitration awards. Waterside Ocean Navigation Co. v. Int'l Navigation Ltd., 737

6

F.2d 150, 153-54 (2d Cir. 1984) (citation omitted). The respondents have not appeared in this action and therefore have not objected to the award of prejudgment interest or to the rate. Therefore, prejudgment interest of 9% is awarded.

## Conclusion

For the above reasons, the petition to confirm the arbitration awards is granted. Attorney's fees for the confirmation proceeding are denied, but prejudgment interest of 9% is awarded. The Clerk of Court shall enter judgment for the petitioners and close the case.

SO ORDERED:

Dated:   New York, New York
         July 2, 2007

                                             _____
                                                              DENISE COTE
                                               United States District Judge